IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR VARGA, | No. C 09-02278 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND and GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| UNITED AIRLINES and DOES, 1-50, inclusive, | |
| Defendants. | |

Plaintiff has filed a motion to remand this case to state court and defendant has filed a motion to dismiss the complaint. These motions are scheduled for hearing on July 31, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES plaintiff's motion and GRANTS defendant's motion to dismiss with leave to amend. **Should plaintiff choose to file an amended complaint, she must do so by August 7, 2009.**

**BACKGROUND**

This dispute arises from the theft of items from pro se plaintiff Star Vega's luggage.[1] On October 27, 2008, plaintiff bought a plane ticket from defendant United Airlines to travel on November 5, 2008 from Aspen, Colorado to Oakland, California, with a layover in Denver, Colorado. Compl. ¶

---

[1] Although plaintiff was originally represented by counsel, her lawyer withdrew on June 22, 2009.

4. Plaintiff checked one piece of luggage. Compl. ¶ 5. Plaintiff claims that when she arrived in Denver, she asked to be placed on the earlier flight to Oakland but was told that because she had checked a bag, she would have to travel with her luggage on her scheduled flight. Compl. ¶ 6. Defendant nonetheless placed plaintiff's checked bag on the earlier flight and it arrived in Oakland three hours before she did. Compl. ¶ 7, 8. Plaintiff subsequently discovered that several items, including a bracelet, earrings and a necklace, were missing from her bag. Compl. ¶ 8. Plaintiff contends that defendant's employees took the items from her bag. Compl. ¶ 8. She submitted a claim to defendant for $1,673.10. Compl. ¶ 15.

Plaintiff claims that defendant informed her on December 30, 2008 that it would not reimburse her "for any item stolen with a price over $100, and would not reimburse plaintiff for anything that could be categorized as jewelry." Compl. ¶ 17. In a letter dated December 19, 2008, defendant stated that it required purchase receipts at all items valued over $100 and that if plaintiff failed to submit receipts, it would repay only $100 for these items (i.e. a sweater, valued at $150; a pair of jeans, valued at $250, and a blouse, valued at $125). *See* Decl. of Sara Simmons in Supp. of Def's Mot. to Dismiss ("Simmons Decl."), ex. 3. Defendant also stated that it did not assume liability for jewelry. *Id.* Defendant's "Contract of Carriage" provides, *inter alia*, that defendant will compensate passengers for "all reasonable, documented expenses incurred as a direct result of loss of, damage to, or delay in the delivery of personal property," subject to a $3000 cap, and will not be liable for the loss of jewelry. *See id.* ex. 4 at 31 ¶¶ (D)(1) & (D)(2)(D).

On March 27, 2009, plaintiff filed a complaint in Alameda County Superior Court alleging claims for: (1) "conversion/theft, willful and wanton misconduct"; (2) negligence; (3) negligent misrepresentation; (4) fraud; (5) invasion of privacy; (6) negligence per se; and (7) breach of contract. Plaintiff seeks compensatory, consequential, and punitive damages. Defendant removed to this Court on May 22, 2009.

2

# LEGAL STANDARDS

**1.     Remand**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921)). When ruling on a motion to remand, the court generally looks to the complaint. *See Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985).

**2.     Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," *id.*, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City*

3

*of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to less rigorous standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Where the petitioner is pro se the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). Even though pro se pleadings should be construed liberally, they must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**1.      Plaintiff's Motion to Remand**

Plaintiff has filed a motion to remand this case to Alameda County Superior Court. She contends that remand is warranted because defendant's removal was untimely and because there is no basis for federal jurisdiction. The Court disagrees with plaintiff on both issues.

4

### A. Timeliness

Plaintiff contends that defendant's removal of this case from state court was untimely. For removal to be timely, a defendant wishing to remove a case to federal court must file a notice of removal within 30 days of receiving "through service or otherwise [a] copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b). Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999)("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process"); *see also* Hon. William W. Schwarzer, et al., *Federal Civil Procedure Before Trial (The Rutter Group)* ¶¶ 2.896, 2.897 (removal period is triggered by service of process, which is determined by state law). In California, a plaintiff may serve process on a defendant by mail where the mailing includes a copy of the summons and complaint, two copies of a notice and acknowledgment form, and a pre-paid return envelope. *See* Cal. Code Civ. Pro. § 415.30(a). Service is complete on the date the notice form is executed, provided that it is returned to the sender. *See* Cal. Code Civ. Pro. § 415.30(c).

Here, plaintiff sent the documents described in § 415.30 to defendant's authorized agent for service by registered mail on April 3, 2009. The agent received these documents on April 6, 2009. Defendant's counsel signed and returned the notice and acknowledgment of receipt on April 22, 2009. *See* Def. Opp. to Pl. Mot., ex. A. Defendant removed this action on May 22, 2009.

According to plaintiff, defendant's removal of this action was untimely because defendant did not remove the case within 30 days of April 6, the date defendant's agent received copies of the summons and complaint. This argument fails because the 30-day period for removal began when service of process was complete. Under California law, service was complete on April 22, the date defense counsel signed and returned the notice and acknowledgment of receipt. *See* Cal. Code Civ. Pro. § 415.30(c). Defendant removed this case on May 22, 30 days after service was complete. Removal

of this action was therefore timely.

Plaintiff points out in her reply brief that California law also provides that a nonresident defendant can be served simply by mailing the defendant copies of the summons and complaint "by first-class mail, postage prepaid, requiring a return receipt." Cal. Code Civ. Pro. § 415.40. Service is deemed complete "on the 10th day after such mailing." Cal. Code Civ. Pro. § 415.40. Service is automatically deemed complete, even if the defendant has not yet signed or mailed back the return receipt. *See Rutter Guide* ¶ 4.299. Under this rule, service was complete on April 13, ten days after plaintiff mailed the summons and complaint, and defendant's removal was not timely because May 22 is more than 30 days after April 13.

Plaintiff's argument fails because the notice accompanying the papers plaintiff sent to defendant on April 3 contains the following statement: "The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedures." *See* Pl. Mot. to Remand, ex. A. By serving the summons and complaint pursuant to § 415.30 rather than § 415.40, plaintiff indicated that service would be deemed complete when defendant signed and returned the notice and acknowledgment of receipt, not ten days after plaintiff sent the summons and complaint. Accordingly, the Court finds that defendant's removal of this action was timely.

### B. Federal question jurisdiction

Plaintiff also contends that defendant's removal of this case was improper because there is no basis for federal jurisdiction. Defendant responds that this Court has federal question jurisdiction over this case because plaintiff's common law claims are preempted by § 41713(b)(1) of the Airline Deregulation Act ("ADA") and federal common law.

"In general, district courts have federal-question jurisdiction only if a federal question appears on the *face* of a plaintiff's complaint." *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir.1998) (emphasis original), citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). However, the Court may examine the entire record to determine if the real nature of the claim

is federal, notwithstanding the plaintiff's characterization to the contrary, when the plaintiff has, by "artful pleading," attempted to defeat the defendant's right to a federal forum. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981). A plaintiff cannot "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir. 1985). "A traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy." *Brennan*, 134 F.3d at 1409, quoting *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, defendant asserts a federal preemption defense, i.e. that all of plaintiff's state law claims are preempted by the ADA. In addition, federal common law provides a remedy for harm to plaintiff for loss of her belongings from her suitcase during air travel. *See Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1195 (9th Cir. 1999) ("[F]ederal common law applies to loss of or damage to goods by interstate common carriers by air."); 49 U.S.C. § 40120(c) (preserving federal common law remedies); *see also Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925-29 (5th Cir. 1997) (holding negligence action against air carrier for loss of goods arose under federal common law). Accordingly, the Court agrees with defendant that plaintiff's claims stemming from the loss of her belongings shipped by interstate air carrier are inherently federal and that this Court has jurisdiction pursuant to the artful pleading doctrine. This Court has discretion to exert supplemental jurisdiction over any state law claims that are not preempted because all of plaintiff's claims "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a).

For these reasons, the Court finds that it has jurisdiction over this case and that defendant's removal was timely. Plaintiff's motion to remand is DENIED.

7

**2. Defendant's Motion to Dismiss**

### A. Defendant's request for judicial notice

In support of its motion to dismiss, defendant requests that this Court take judicial notice of the claim plaintiff submitted to defendant, defendant's December 19, 2008 letter to plaintiff, and portions of defendant's Contract of Carriage. *See* Simmons Decl., exs. 2, 3, 4. Plaintiff does not object to defendant's request.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). A district court may consider material that is "properly submitted as part of the complaint"; or, if the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (citations and ellipses omitted). A court may also take judicial notice of matters of public record. *Id.* at 689 (citation omitted); *see also* Fed. R. Evid. 201 ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

The Court finds that the Contract of Carriage, which according to defendant is filed with the United States Department of Transportation, is appropriate matter for judicial notice and GRANTS defendant's request with respect to this document. Defendant does not explain how the December 18, 2008 letter and plaintiff's completed claim form can be verified "by resort to sources whose accuracy cannot reasonably be questioned," *see* Fed. R. Evid. 201. The Court therefore DENIES defendant's request for judicial notice with respect to these exhibits. The Court will nonetheless consider these documents in deciding the instant motion because plaintiff does not question their authenticity and her complaint references both communications. *See* Compl. ¶¶ 15, 17.

**B.     Preemption**

The gravamen of plaintiff's complaint is that defendant has failed to adequately compensate her for items that were taken from plaintiff's bag while defendant left it unattended for three hours in the Oakland Airport. Defendant contends that its liability is limited by the Contract of Carriage, and that plaintiff's claims are therefore preempted by § 41713(b)(1) of the ADA. Section 41713(b)(1) provides:

> Except as provided in this subsection, a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1). "[S]tate law regulating the scope of air carrier liability for loss or damage to cargo is preempted by the ADA" because "[t]he scope and standard of limited liability of an air carrier for loss or damage to cargo are directly related to the carrier's rates and services, and go to the very heart of the ADA." *Read-Rite Corp.*, 186 F.3d at 1197-98.

Plaintiff seeks to hold defendant airline liable for the loss of items from her luggage. The Court agrees with defendant that this is precisely the type of state law claim the Ninth Circuit found to be preempted by federal statute in *Read-Rite*. Accordingly, the Court finds plaintiff's state law claims are preempted by the ADA and GRANTS defendant's motion in this respect.

Plaintiff's allegations that defendant engaged in "willful and wanton misconduct" because its employees are responsible for the theft do not alter this Court's conclusion that plaintiff's state law claims are preempted. Plaintiff provides no factual basis for her claim that airline employees stole the items from her luggage. In ruling on defendant's 12(b)(6) motion, this Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in her favor. *See Usher*, 828 F.2d at 561. Plaintiff's allegations, however, must be "plausible" on their face. *Twombly*, 127 S. Ct. at 1974. This Court need not accept conclusory allegations or unwarranted deductions of fact. *See St. Clare v. Gilead Scis., Inc.*, 536 F.3d at 1055. Plaintiff's allegations that defendant's employees took the items are both conclusory and unwarranted. Plaintiff alleges that video footage shows airline employees taking plaintiff's bag from the luggage carousel at the Oakland airport and placing it in the baggage claim area, "where there exist[] no security monitors or cameras or other security measures." Compl.

¶ 10. In light of her contention that the bag sat, unmonitored, for three hours in the Oakland airport, plaintiff has no basis for her contention that it was defendant's employees, rather than third parties, who stole her belongings.

In any event, plaintiff's claims would be preempted by the ADA even if she had alleged facts in her complaint to support her conclusion that defendant's employees were responsible for the theft. Although the issue is not settled, courts have suggested that conversion by the carrier's employees does not void an otherwise contractual limit on liability. *See Kemper Ins. Cos. v. Federal Exp. Corp.*, 252 F.3d 509, 515 (1st Cir. 2001) (collecting cases and citing *Glickfeld v. Howard Van Lines, Inc.*, 213 F.2d 723, 727 (9th Cir. 1954) ("The carrier may properly limit its liability where the conversion is by third parties or even by its own employees")); *see also Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1366 (9th Cir. 1987) ("[O]nly an appropriation of property by the carrier for its own use will vitiate limits on liability.").

Plaintiff also argues that her claims are not preempted by the ADA because the theft occurred in the Oakland airport after plaintiff's bag arrived, and not while the bag was in transit. This argument fails because the applicability of the ADA does not depend on whether cargo is damaged in the air rather than on the ground. *See Read-Rite*, 186 F.3d at 1193 (applying federal common law to evaluate whether a limited liability provision was valid when cargo was damaged at a ground facility near Heathrow Airport).

The Court agrees with defendant that, notwithstanding plaintiff's allegations that defendant's employees were responsible for the theft of plaintiff's belongings, plaintiff's claims are preempted by the ADA. While plaintiff's state law claims are preempted by federal statute, they are nonetheless preserved under federal common law. "When deregulating the airlines under the ADA, not only did Congress cho[o]se not to repeal federal common law . . . it chose the opposite course: the ADA includes an express provision preserving common law remedies." *Majors*, 117 F.3d at 928 (citing 49 U.S.C. § 40120(c)). The Ninth Circuit has explained the applicable federal common law as follows:

> [U]nder the federal common law governing common carriers, carriers may partially limit their liability for injury, loss, or destruction of baggage on a 'released valuation' basis.

10

> The carrier can lawfully limit recovery to an amount less than the actual loss sustained only if it grants its customers a fair opportunity to choose between higher or lower liability by paying a correspondingly greater or lesser charge. Therefore, the shipper is bound only if he has reasonable notice of the rate structure and is given a fair opportunity to pay the higher rate in order to obtain greater protection.

*Deiro*, 816 F.2d at 1365 (internal citations omitted); *see also Read-Rite Corp.*, 186 F.3d at 1198 ("Limited liability provisions are prima facie valid if the face of the contract (or, in this case, air waybill) recites the liability limitation and the means to avoid it. The burden then shifts to the shipper to prove that it did not have a fair opportunity to purchase greater liability coverage.") (citations omitted).

Accordingly, the Court finds that while plaintiff's state law claims are preempted by the ADA,[2] she may plead these causes of action pursuant to federal common law. Specifically, she must allege the essential elements of a federal common law cause of action, as described by the Ninth Circuit in *Deiro* and *Read-Rite*. The Court GRANTS defendant's motion to dismiss. It also GRANTS plaintiff leave to amend her complaint to frame her claims under federal common law.

Defendant argues that plaintiff's claim for punitive damages must be stricken because it exceeds the liability limit of $3000 provided by the Contract of Carriage. In effect, defendant requests a finding that the liability limit in the Contract of Carriage was valid. Defendant's motion to strike is DENIED without prejudice to reconsideration should plaintiff choose to file an amended complaint.

///

---

[2] Plaintiff also argues that the Contract of Carriage is unenforceable because it does not comply with Department of Transportation regulations and the ADA. Plaintiff provides no authority for this argument.

11

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for remand and GRANTS defendant's motion to dismiss with leave to amend. Should plaintiff choose to file an amended complaint, she must do so **by August 7, 2009.**

**IT IS SO ORDERED.**

Dated: July 24, 2009

SUSAN ILLSTON
United States District Judge